UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-cv-00169-LLK

**BETTY I. DE LOS SANTOS**                                                                                         **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                 **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying her claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act.

The fact and law summaries of Plaintiff and the Commissioner are at Doc. 20 and Doc. 26. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 14].

Plaintiff makes three arguments. Because the first argument is waived due to insufficient development, the second and third arguments are unpersuasive, and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, this Opinion will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

In October 2019, the ALJ denied Plaintiff's SSI claim, finding that she has not been under a disability from April 30, 2019, when she applied for SSI benefits, through October 30, 2019, when the ALJ issued her decision. [Administrative Record, Doc. 13 at 11-22]. The ALJ found that Plaintiff's obesity, status post left ankle arthrodesis, generalized osteoarthritis, fibromyalgia, and lumbago impose limitations but still allow her to perform a significant number of sedentary jobs in the national economy.

**Plaintiff's first argument is waived due to insufficient development.**

First, Plaintiff argues that this Court should remand this case to the Commissioner "to address the prior favorable decision." [Doc. 20 at PageID.503].

Plaintiff asserts that, prior to filing the present SSI claim in April 2019, she received SSI benefits, and those benefits were terminated because she got married. Apparently, Plaintiff was receiving SSI benefits as a result of the same impairments analyzed by the ALJ in the present decision, and the Commissioner terminated benefits (not due to medical improvement but) because, after her marriage, she no longer met the income requirements for SSI. Later, Plaintiff "split up" with her husband, who was basically "paying for everything," and she "moved out." [Doc. 13 at 74]. She went to the Bowling Green Social Security office, and "they told me I had to restart the whole [SSI application] process." *Id.* at 75.

Plaintiff asserts that, "[i]f benefits were terminated for reason other than medical improvement, the Social Security Administration must consider whether there has been a change in condition. Remand is required to address the prior favorable decision." [Doc. 20 at PageID.503]. Plaintiff's position apparently is that, rather than restart the SSI application process, the Commissioner was required to reinstate SSI benefits absent evidence of medical improvement.

Plaintiff cites and the Court finds no authority for the foregoing assertions. The ALJ's decision [Doc. 13 at 11-22] mentions nothing about a prior decision – much less applicability of a medical-improvement standard. The Commissioner's fact and law summary finds no support for Plaintiff's assertion. [Doc. 26 at PageID.524].

"It is well-established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Rice v. Comm'r of Soc. Sec.*, 169 Fed.Appx. 452, 454 (6th Cir. 2006) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)). Plaintiff's failure to develop her argument in a more than "skeletal way," leaving it for the Court to "put flesh on its bones," results in waiver. *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) (quoting *McPherson v.*

*Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). Plaintiff's first argument is waived due to insufficient development.

### The ALJ's RFC finding is supported by substantial evidence although it does not include a restriction accommodating Plaintiff's alleged need for left foot elevation.

Second, Plaintiff argues that the ALJ's residual functional capacity (RFC) finding (for a limited range of sedentary work) is not supported by substantial evidence because it does not include a restriction accommodating her alleged need for left foot elevation. [Doc. 20 at PageID.503].

In 1996, Plaintiff was in a severe motor vehicle accident, which required three separate operations on her left ankle. [Doc. 13 at 17-18, 393]. In July 2018, Zaid Aljuboori, M.D., examined Plaintiff at the request of the Commissioner and opined, among other things, that she can "sit and stand without difficulty." [Doc. 13 at 380-81]. In October 2018, in light of Dr. Aljuboori's findings and the record as a whole, the Commissioner's non-examining program physician, Jack Reed, M.D., opined that Plaintiff is able to sit for six hours in an eight-hour workday. *Id.* at 99-100. The ALJ found these opinions of Drs. Alijuboori and Reed to be "partially persuasive." *Id.* at 19. At the August 2019 administrative hearing, Plaintiff testified that, due to swelling, she needs to elevate her foot two to three times a week, for a couple of hours at a time. *Id.* at 67.

Plaintiff's argument is unpersuasive for three reasons. First, "no physician indicated that [Plaintiff's] edema caused work-related functional limitations, and no medical expert opined that [she] would need to elevate her feet to waist level during the workday or even every day." *Sorrell v. Comm'r*, 656 F. App'x 162, 170 (6th Cir. 2016). In that circumstance, "the ALJ was not required to include a limitation for elevating legs in the RFC." *Id.*

Second, while Plaintiff testified that she needs to elevate her left foot two to three times a week, for a couple of hours at a time [Doc. 13 at 67], she did not indicate whether she requires above-the-heart or footstool-level elevation. Vocational experts (VEs) routinely testify that there are a significant number

3

of sedentary jobs in the national economy that allow for footstool-level elevation. *See e.g. Brown v. Comm'r*, 1 F. App'x 445, 448 (6th Cir. 2001) (Although the "full range of sedentary work was reduced by the need to elevate his right leg to footstool level … there are a significant number of jobs in the national economy that [Brown] can perform, including bench-type work such as visual inspection, sorting, simple assembly, machine operation, as well as working as a lobby or information clerk."); *Anderson v. Comm'r*, No. 2:14-CV-1222, 2015 WL 965667, at *5–6 (S.D. Ohio Mar. 4, 2015) (Although Anderson "should be allowed to elevate her right foot on a footstool at various times throughout the workday," she can perform jobs such as "order clerk, addresser, and surveillance systems monitor."). Therefore, it is not apparent that a remand for consideration of Plaintiff's alleged need for left foot elevation would serve any useful purpose.

Third, the VE testified that "all competitive employment would be eliminated" if, "due to pain, swelling in the left lower extremity and general fatigue this individual would need four or more unscheduled 15-minute breaks each day on top of the standard morning, lunch and afternoon breaks." [Doc. 13 at 79]. The VE clarified that the limit of tolerance of most employers for being off task would be for ten percent of the production period. *Id.* at 80. Thus, the ALJ implicitly found Plaintiff's testimony to be credible only to the extent the elevation would not result in being off task for more than ten percent of the production period. This implicit finding was supported by substantial evidence because the ALJ found that Plaintiff engages in daily activities such as "bathing, dressing, light meal preparation, laundry, and folding clothes" and is "able to shop for 30 minutes before needing to sit down." [Doc. 13 at 20]. Such "activities cannot be pursued if [Plaintiff's] legs are constantly elevated." *Morris v. Comm'r*, 223 F. App'x 465, 468 (6th Cir. 2007).

### The ALJ's determination of the limiting effects of Plaintiff's subjective symptoms was supported by substantial evidence.

Third, Plaintiff argues that the ALJ's "symptom analysis [under 20 C.F.R. § 416.929] is flawed" with respect to her alleged need to elevate her left foot. [Doc. 20 at PageID.503].

4

When a claimant's subjective symptoms, such as pain, rather than the underlying condition, form the basis of a disability claim, a two-part analysis is applied in evaluating the complaints of symptoms. 20 C.F.R. § 416.929(a). The ALJ must first determine "whether ... there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms." *Rogers v. Comm'r*, 486 F.3d 234, 247 (6th Cir. 2007). If such an impairment exists, the ALJ "must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Id.* Relevant factors to be considered in evaluating a claimant's symptoms are:

> the claimant's daily activities; the location, duration, frequency, and intensity of [the] symptoms; factors that precipitate and aggravate [the] symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; ... and any other factors bearing on the limitations of the claimant to perform basic functions.

*Id.*

To the extent Plaintiff's alleged need for left foot elevation due to pain and swelling is subject to a subjective-symptoms analysis under 20 C.F.R. § 416.929, the ALJ's analysis was adequate. There is no indication that the ALJ disbelieved that Plaintiff's status post left ankle arthrodesis condition resulted in pain, swelling, and need to elevate the left foot. As noted above, the VE testified that if, due to pain and swelling, Plaintiff must elevate her left foot, the limit of tolerance of most employers for being off task would be ten percent of the production period. [Doc. 13 at 80]. While the ALJ's might have weighed the relevant factors and concluded that Plaintiff required a disabling degree of foot elevation, the "substantial-evidence standard ... presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Hizer v. Comm'r*, 852 F. App'x 999, 1001 (6th Cir. 2021) (quoting *Blakley v. Comm'r*, 581 F.3d 399, 406 (6th Cir. 2009)).

**Order**

Because Plaintiff's first argument is waived due to insufficient development, her second and third arguments are unpersuasive, and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Court hereby AFFIRMS the Commissioner's final decision and DISMISSES Plaintiff's complaint.

February 18, 2022

Lanny King, Magistrate Judge
United States District Court